Holzer v. Eppling.

*Injunction—Nuisance will not be enjoined, when—Anticipated or threatened nuisance doubtful—Contemplated gravel plant near hospital.*

1. A court of equity will not enjoin a threatened nuisance unless it clearly appears that a nuisance will necessarily result from the contemplated act or thing which it is sought to enjoin.

2. When such anticipated nuisance is doubtful, and the act or thing sought to be enjoined may or may not become a nuisance, depending on the use, or the manner of operation, or other circumstances, equity will not intervene.

(Decided February 27, 1923.)

Appeal: Court of Appeals for Gallia county.

*Mr. Henry W. Cherrington,* for plaintiff.
*Mr. Hollis C. Johnston* and *Mr. R. M. Switzer,* for defendant.

Middleton, J.   This cause comes into this court on appeal from the Court of Common Pleas of Gallia county and is an action to restrain a threatened or anticipated nuisance.

The plaintiff is the owner of a large and mod· ernly equipped and operated hospital located in the city of Gallipolis.   The defendant is about to construct on the bank of the Ohio river, at a point about four hundred feet distant from said hospital, in a northeasterly direction, a sand and gravel screening and loading plant.   The plaintiff complains that the operation of this plant will, by reason of noise, smoke, and dust, greatly interfere with the comfort and well-being of his pa-

tients, and will in many instances seriously affect their health and retard their recovery from illness, and will destroy to a great extent the usefulness of his institution. This complaint is denied by the defendant.

The plaintiff has invested many thousands of dollars in the hospital, and it appears from the evidence that it is an institution needed in the city of Gallipolis and community, and one which is closely related to the public welfare and health. It is unquestionably the duty of this court to protect the plaintiff in the operation of his hospital, and to prevent the construction of any plant or factory so close to the institution as to affect the comfort and general well-being of its inmates, through the emission of smoke or dust, or from noise. The plaintiff complains, however, of a threatened or anticipated nuisance, and one which will result from the operation of a lawful business. The general rule seems to be that a court of equity will interfere and enjoin a threatened nuisance when it clearly appears that a nuisance will necessarily result from the contemplated act or thing which it is sought to enjoin. The general rule further appears, however, that if the anticipated nuisance is doubtful, and the act or thing sought to be enjoined may or may not become a nuisance, depending on the use or manner of operation, or other circumstances, equity will not interfere. (7 A. L. R., page 749, *et seq.*)  It may be said, further, that the degree of proof required before a court will enjoin an anticipated nuisance must be convincing. Courts will not interfere where conflicting opinions appear regarding the threatened injury. It is said by the United States

Supreme Court in *Missouri* v. *Illinois*, 180 U. S., 208, at page 248, that it is settled:

"That an injunction to restrain a nuisance will issue only in cases where the fact of nuisance is made out upon determinative and satisfactory evidence; that if the evidence be conflicting and the injury be doubtful, that conflict and doubt will be a ground for withholding an injunction."

The evidence adduced on the various questions involved here is very conflicting. On the part of the plaintiff some very positive evidence is offered, particularly the testimony of an expert, one Lloyd, to the effect that the noise which will emanate from the operation of defendant's plant will make it impossible for sick people to remain in the hospital. Equally credible testimony, however, is offered by the defendant to the effect that the noise may be so controlled by modern appliances as not to be heard at the hospital.

In respect to the complaint regarding smoke, the defendant states by an amendment to his answer that the motive power will be electricity and not steam. This, therefore, eliminates entirely that ground of complaint made in the petition.

As to dust, the evidence shows that any discomfort or injury from that source will be merely neglible.

The one thing regarding which the plaintiff may have just ground for complaint will be the noise resulting from the operation of the plant. In view of all the evidence, however, we are unable to say that he has established a right to an injunction at this time by the degree of proof required under the rule of law heretofore cited. Moreover, on page 82 of the record, the defendant

states positively that his intentions "are to harness the noise so it will not be objectionable to anybody." We feel obliged to regard this statement as a direct guaranty on his part to the plaintiff and all others that his plant will not become a nuisance, offensive or injurious to the public, or to the plaintiff and his patients. This court has had some experience with actions of this character, against plants of the kind involved in this action. By reason of this experience we are very skeptical of the defendant's ability to carry out this promise. But in view of the general rules of law heretofore referred to, and the defendant's promise, we feel compelled at this time to refuse this injunction. We are not, however, willing to enter a judgment now that may be a bar to any future action if the necessity for such action results from the operation of the plant. The property of the plaintiff, and his interests, and the interest of the public generally in that property, will be fully protected by this court. The defendant should well understand this before he incurs any great expense in the further construction of this plant, and should be certain that it can be successfully operated without annoyance and injury to the people in that neighborhood, including the plaintiff.

The plaintiff's petition is dismissed, but the decree may show that such dismissal is without prejudice to a future action.

*Decree accordingly.*

MAUCK and SAYRE, JJ., concur.